IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ESHAWN J. SCIPIO<br>JAMES S. TUCKER<br>S.F.S. Minor under 18.<br><br>Plaintiffs,<br><br>v.<br><br>NICOLE DOE; USPS SUPERVISOR FOR<br>DARLINGTON COUNTY POST OFFICE;<br>IN HER INDIVIDUAL AND OFFICIAL<br>CAPACITIES; JAMES GREEN, USPS<br>POSTMASTER, FOR DARLINGTON COUNTY<br>POST OFFICE; IN HIS INDIVIDUAL<br>AND OFFICIAL CAPACITIES; JANE<br>DOES 1 – 2; USPS POSTAL WORKER AND<br>USPS POSTAL CARRIER FOR ROUTE 4; IN<br>THEIR INDIVIDUAL AND OFFICIAL<br>CAPACITIES;<br><br>THE UNITED SERVICE<br>POST OFFICE, REF: DARLINGTON<br>COUNTY POST OFFICE.<br><br>Defendants. | C/A No.: _____<br><br><br><br><br><br>**COMPLAINT**<br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

The Plaintiffs Eshawn J. Scipio, James S. Tucker, and S.F.S a minor under 18, files this complaint pursuant to all rights secured under U.S. Const. amend. IV.; U.S. Const. amend. V., U.S. Const. amend. XIV; and the deprivation of the Plaintiff's, to such rights. Also, pursuant to 42 U.S.C. § 1983; applicable to state-adjacent actions; and pursuant to 28 U. S. C. §1346(b)(1) of the FTCA. See, *Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).*

1

The Plaintiff's complains of the following:

## PRELIMINARY STATEMENT

This is a civil action where the Plaintiff's is seeking relief and damages for aggravated identity fraud, coordinated and malicious theft of government property, and civil rights violations.

The Defendants named in this civil suit used the USPS's mechanical equipment to intercept sealed mail, steal a minor's Social Security number for their own gain, and purposefully denied a family vital child support and tax money without justification or cause.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. This civil action arises under federal question, and the Constitutional laws of the United States; specifically, the Fourth, Fifth, and Fourteenth Amendments.

2. The Plaintiff's has named the United States as a Defendant who constituted violations to the Plaintiff's Constitutional rights. See, *Bivens v. Six Unknown Named Agents*, *403 U.S. 388 (1971)*.

3. The United States waives sovereign immunity for "wrongful acts" under 28 U.S.C. § 1346(b)(1), as the Defendants' actions were not "discretionary" but violated mandatory federal regulations.

4. Jurisdiction is also invoked pursuant to 28 U.S.C. § 1346(b)(1).

## VENUE

5. The venue is proper pursuant to 28 U.S.C. § 1391(b); as the events occurred within the County of Darlington, located in the state of South Carolina. Which is in proximity of this United States District Court for the State of South Carolina, Florence Division.

6. The USPS Postal location is the Darlington County Post Office, also in proximity.

## IMMUNITY

7.     While immunity for mail loss is generally enjoyed. Immunity is not absolute to intentional beach of codified USPS 508.11.0; constituting to a wrongful act, rather than a miscarriage of transmission. See, *Dolan v. Postal Service, 546 U. S. 481, 126 S. Ct. 1252, 163 L. Ed. 2d 1079 (2006)*.

## PARTIES

8.     The Plaintiff's Eshawn J. Scipio, James S. Tucker, and S.F.S. a minor under 18, is hereby referred to as Plaintiff E. Scipio, Plaintiff J. Tucker, and Plaintiff S.F.S, at times within this Compliant below.

## PLAINTIFF'S

9.     The Plaintiff Eshawn J. Scipio is a resident of Darlington County, located in the state of South Carolina. The Plaintiff E. Scipio is classified as low-income, African American Female.

10.     The Plaintiff James S. Tucker is a resident of Darlington County, located in the state of South Carolina. The Plaintiff James S. Tucker is classified as low-income, African American Male.

11.     The Plaintiff S.F.S is a minor and a resident of Darlington County, located in the state of South Carolina. The Plaintiff S.F.S. is classified as a minor, and African American Female.

12.     The Plaintiff's suffered an injustice within proximity of the United States District Court for the State of South Carolina; Florence Division. There is a federal Constitutional question of the injustice inflicted upon the Plaintiff's by the hands of the Defendants named below.

3

## DEFENDANTS

13. The Defendants Nicole Doe a USPS (Supervisor) is being sued in her individual and official capacities, James Green a USPS (Postmaster), is being sued in his individual and official capacities, Jane Does 1-2 is a USPS (Postal Worker Inside Back Worker, African American; Postal Carrier, Route 4, African American) and are being sued in their individual and official capacities.

14. The Defendants were at all times relevant; acting under the color of federal laws, and statutes of the United States Postal Service. The Defendants were on duty at all times relevant, when the injuries against the Plaintiff's occurred at the USPS Darlington County Post Office, located in Darlington County, South Carolina.

## STATEMENT OF FACTS

15. On May 31, 2025, the Plaintiff J. Tucker received a USPS Informed Delivery notification for an expected mail piece at 7:27 AM; picturing a United States IRS Treasury Check; that was to be delivered to address: 3645 Middle Branch Rd, Darlington SC 29532. The U.S. IRS Treasury Check, stemmed from a supposed U.S. IRS 2024 Tax Return. However, the Plaintiff J. Tucker did not file any tax returns in 2024; and was not expecting any U.S. IRS Treasury Check on May 31, 2025. See, Exhibit A-1.

16. On May 31, 2025, the Plaintiff E. Scipio went to retrieve the household mail for Plaintiff's E. Scipio and J. Tucker; as it is their address and they have a right to their own household's mail.

17. On May 31, 2025, Saturday; Nicole (Supervisor), and Jane Does 1-2 (Postal Worker and Postal Carrier) by phone call, and on clear audio recording; admitting, that there was a U.S. IRS Treasury Check, for James Tucker. Also, clearly pictured by USPS Informed Delivery.

4

there was a U.S. IRS Treasury Check, for James Tucker. Also, clearly pictured by USPS Informed Delivery.

18.    On May 31, 2025, the Plaintiff E. Scipio was informed by Nicole Doe (Supervisor), and Jane Doe 1 (Postal Worker); the U.S. IRS Treasury Check was with the Jane Doe 2 (Postal Carrier). Consequently, there is no 1987 Horton mobile home nor is there a mailbox at the address of 3645 Middle Branch Rd, Darlington, SC 29532. Nicole Doe (Supervisor) advised the Plaintiff E. Scipio, that the household mail has been going back due to the home being vacant; and Jane Doe 2 (Postal Carrier) does not know what mail is in her tray until they are on Route 4, for Darlington County.

19.    On May 31, 2025, Nicole Doe (Supervisor) advised the Plaintiff E. Scipio to pick up her household's mail on Monday, June 2, 2025; due to Jane Doe 2 (Postal Carrier) having the U.S. IRS Treasury Check in her possession. Nicole (Supervisor) advised the Plaintiff's household mail was going back to the original senders; consequently, the Plaintiff's household mail was in the possession of Jane Doe 2 (Postal Carrier), mysteriously.

20.    On June 1, 2025, the Plaintiff J. Tucker returned to New York City for Work.

21.    On June 2, 2025, the Plaintiff E. Scipio returned to get her household's mail; including, the U.S. IRS. Treasury Check for James Tucker; as advised by Nicole Doe (Supervisor), Jane Doe 1 (Postal Worker), and Jane Doe 2 (Postal Carrier); for the Plaintiff's E. Scipio, J. Tucker, and S.F.S 3645 Middle Branch Rd, Darlington, SC 29532, address.

22.    On June 2, 2025, Nicole Doe (Supervisor) refused to give the Plaintiff E. Scipio her household's mail. Nicole Doe (Supervisor) advised the Plaintiff E. Scipio she cannot get the mail for James Tucker specifically the U.S. IRS Treasury Check, because it's a check and it does not have the Plaintiff E. Scipio name on it.

23. Consequently, the Plaintiff J. Tucker was present on Apple FaceTime with his South Carolina governmental Driver's License for address 3645 Middle Branch Rd, Darlington, SC 29532; giving the Plaintiff E. Scipio permission to get his mail.

24. On June 2, 2025, Nicole Doe (Supervisor) after her own refusal to give the Plaintiff E. Scipio; then proceeded to call the Darlington County City Police on the Plaintiff E. Scipio. The Plaintiff E. Scipio waited for the Darlington County City Police Officers to arrive.

25. The Plaintiff E. Scipio possessed the USPS Informed Delivery from Saturday, May 31, 2025; of the pictured US IRS Treasury Check; also, clearly showing the "Sender" as the U.S. Treasury. The Plaintiff E. Scipio also possessed a clear audio recording of Nicole Doe (Supervisor) advising the Plaintiff E. Scipio to come back on Monday, June 2, 2025; to pick up the household's mail and the U.S IRS Treasury Check for Plaintiff J. Tucker. See, Exhibit A-1.

26. On June 2, 2025, once the Darlington County City Police Officers arrived; Nicole Doe (Supervisor) did a "switch-a-roo" and gave the Plaintiff E. Scipio her household's mail; and then denied there was ever a U.S. IRS Treasury Check for the Plaintiff J. Tucker.

27. Instead, Nicole Doe (Supervisor) gave the Plaintiff E. Scipio a different U.S. IRS Letter for James Tucker that was dated for that same Monday, June 2, 2025. Same mail piece that was supposed to arrive on Saturday, May 31, 2025, it's impossible. See, Exhibit A-2.

28. On June 2, 2025, the Plaintiff E. Scipio was advised by the Darlington County Police Department to file a Police Report with the Darlington County Sheriff's Department due to the Plaintiff's address location. See, Exhibit A-3.

29. On June 3, 2025, the Plaintiff's E. Scipio and J. Tucker made a conference call to the U.S. IRS and was advised by the U.S. IRS that Plaintiff's E. Scipio and J. Tucker; were victims of identity theft and identity fraud.

30. A fraudulent 2024 U.S. IRS Tax Return was filed for Plaintiff J. Tucker using his SSN and PII where a U.S. IRS Treasury Check was issued.

31. A fraudulent W2-G Form Gambling Winnings was placed on the Plaintiff E. Scipio U.S. IRS 2024 Tax Account using her SSN and PII.

32. The Plaintiff's E. Scipio and J. Tucker filed the proper forms with the U.S. IRS as victims of identity theft and identity fraud in June of 2025. As of April 27, 2026; there has not been any remedy of justice for the Plaintiff's E. Scipio and J. Tucker.

33. On June 6, 2025, as pursuant to 28 U.S.C. § 2675 the Plaintiff E. Scipio and J. Tucker filed a Standard Form 95 Claim for Damages against the USPS for Constitutional rights violations, identity theft, and identity fraud. As of April 27, 2026, the Plaintiff's E. Scipio and J. Tucker Form 95 Claim for Damages has gone unanswered.

34. As there has not been a response back from USPS and pursuant to law; the Plaintiff's only have one year to file their civil complaint for relief and damages for their suffered injuries and losses.

35. From 2023 – Present, the Plaintiff's E. Scipio mail is documented to be returned to the USDC for S.C., Florence Division; months later; as clearly documented within the Plaintiff E. Scipio Civil Case PACER Timelines. Also, clearly showing the Defendants malicious intent and their direct irreparable motives. See, Exhibit B – 1.

36.    On January 5, 2026; representatives of Endurance Warranty advised the Plaintiff E. Scipio and Plaintiff S.F.S. who is a minor under 18, that a Jeep Patriot was purchased in Plaintiff's S.F.S. name.

37.    Endurance Warranty is the extended vehicle coverage offered after the Jeep Patriot was purchased at the dealership in Plaintiff S.F.S name.

38.    In January of 2026, emails were sent from S.F.S. to the USDC Judges, and the Lawyer who allow her SSN and PII to be disclosed in PACER and for the disregard for the Jeep Patriot being purchase despite the disastrous leak from PACER. Nothing was done, mail is still arriving, thus meaning; the Jeep Patriot is still being driven.

39.    In January 2026, The Plaintiff's E. Scipio Civil Case No. 4:23-cv-01223-JD-TER; was finally redacted by the Hartsville Housing Authority Attorney Michael Battle after three years of the Plaintiff's E. Scipio and her minor children's SSN's and PII's were exposed through the Attorney's PACER filings of the Plaintiff's E. Scipio Public Housing and Section 8 tenant records. This includes all mail that goes through the Defendants USPS Post Office in Darlington County as clear proof of identity theft and identity fraud in a minor's name ruining the Plaintiff S.F.S. life.

40.     On April 3, 2026, the Plaintiff E. Scipio received a South Carolina Child Support deposit for Plaintiff S.F.S. See, Exhibit A – 5.

41.    On April 3, 2026, the Plaintiff E. Scipio called the SC Child Support, Card Support; Calling Center to get details about her SC Child Support Card issue. See, Exhibit A – 5.

42.    On April 3, 2026, the Plaintiff E. Scipio was advised that her South Carolina Child Support Card has been expired for two years; and a new South Carolina Child Support Card needs to be issued, and it will take a mailing range from 5 – 10 days.

43. On April 11, 2026, the Plaintiff E. Scipio, received a USPS Informed Delivery at 7:36 AM of an expected mail delivery. After examining the visible pictured mail from USPS Informed Delivery, it was clearly identified as the SC Child Support Card that the Plaintiff E. Scipio had prior knowledge and full awareness of its arrival. See, Exhibit A – 6.

44. On April 11, 2026, the Plaintiff E. Scipio went to the household's mailbox; located at 2759 Welling Farm Rd, Darlington SC 29532, after receiving a USPS Mail Delivery Notification. Which arrives 14 – 30 minutes after the expected mail is delivered in the mailbox.

45. Once the Plaintiff E. Scipio arrived at the residence, there was a rubberband tied around the top of the mailbox and all the Plaintiff's household mail was missing. The Plaintiff then went to the Darlington County, USPS Post Office to get answers about her mail and to retrieve her SC Child Support Card. See, Exhibit A – 7.

46. On Aprill 11, 2026, Nicole Doe (Supervisor) advised that she made the decision to stop the mail, because she determined the home is vacant; same way she overstepped her false authority with the Plaintiff's E. Scipio, J. Tucker, and S.F.S, 3645 Middle Branch Rd, Darlington SC 29532 address; household mail. Proving abuse of power towards the privacy of the Plaintiffs and the invasion of their right to mail delivery in Darlington County.

47. The Plaintiff's did not put in any requests for their mail to be re-routed, nor did any of the Plaintiff's receive any notification prior to Nicole Doe (Supervisor) and James Green (Postmaster) decisions to stop or re-route the Plaintiffs household mail at 2759 Welling Farm Rd, and at 3645 Middle Branch Rd; both are located in Darlington, South Carolina, and both are on Route 4. The Defendants made their decisions illegally without classifying the addresses as actually vacant, in USPS system; if so, mail would not be delivered.

48. On April 11, 2026, Nicole Doe (Supervisor) and Jane Doe 2 (Postal Carrier) both confirmed that the Plaintiff E. Scipio SC Child Support Card was in Jane Doe 2's possession and she will return the SC Child Support Card back to the USPS Darlington County Post Office when Jane Doe 2 Route 4 is complete. Nicole Doe (Supervisor) advised the Plaintiff E. Scipio to pick up the household mail on Monday, April 13, 2026. Nicole Doe (Supervisor) also advised the Plaintiff E. Scipio that Jane Doe 2 hasn't arrived in the Plaintiff's location, and the mail was not delivered; contradicting their own USPS employer new Mail Delivery Notification.

49. On April 13, 2026, the Plaintiff E. Scipio arrived at the USPS Darlington Post Office to retrieve her household mail. Including the same SC Child Support Card that Nicole Doe (Supervisor) advised the Plaintiff E. Scipio to come back to pick-up.

50. Instead, Nicole Doe (Supervisor); pulled the same "trick" as she did in May and June of 2025; Nicole Doe (Supervisor) gave the Plaintiff E. Scipio April 13, 2026, Monday's mail.

51. The same mail that was already provided to the Plaintiff E. Scipio by her "pictured" Informed Delivery, expected mail for Monday, April 13, 2026.

52. The Plaintiff E. Scipio advised Nicole Doe (Supervisor) to retrieve her SC Child Support Card and to also get her Postmaster Defendant James Green. Once Defendant James Green (Postmaster) arrived to speak with the Plaintiff E. Scipio; the Plaintiff immediately tried to show her USPS Informed Delivery and her USPS Delivery Notification for the SC Child Support Card.

53. On April 13, 2026, the Plaintiff E. Scipio was told there was no SC Child Support Card and there was a mistake. The Plaintiff E. Scipio demanded her SC Child Support Card but instead she was yelled at, screamed at, and told to leave the USPS Darlington County Post Office after calling Nicole (Supervisor) I quote: "a lying ass bitch, and a lying ass thief". Hence, Nicole (Supervisor), James Green (Postmaster); Jane Doe 2 (Postal Carrier) all lied, abused their power and violated the Plaintiff's rights to her own personal property as none of them knew that the Plaintiff E. Scipio requested a new SC Child Support Card. Neither James Green nor Nicole Doe knew that the Plaintiff E. Scipio was actually expecting her SC Child Support Card.

54. Defendant James Green (Postmaster) and Nicole Doe (Supervisor) threatened the Plaintiff E. Scipio with police actions and to not to return back.

55. On April 16, 2026, a Mail Hold Order for address 3645 Middle Branch Rd, Darlington, SC 29532; with Confirmation Number CAH558564868, went into effect with the USPS on April 17, 2026.

56. On April 16, a Mail Hold Order for address 2759 Welling Farm Rd, Darlington, SC 29532; with Confirmation Number CAH558565578, went into effect with the USPS on April 17, 2026.

57. From April 20 – Present, the Plaintiff E. Scipio has received USPS Delivery Notifications for address 2759 Welling Farm Rd, Darlington, SC 29532.

58. The Plaintiff E. Scipio other civil cases show "Document Mailed" and "Mail Returned"; also showing mail returning back to the USDC months later. Same, USPS Darlington County Post Office location where the Plaintiff's mail travels through, which is the same Post Office location that the Defendants oversee its daily operations.

64.   The Plaintiffs must demonstrate that the policymaker was aware of the subordinates' unconstitutional behavior and deliberately choose to [1]*overlook* it, thereby endorsing the behavior and acting as a catalyst for the constitutional violations causing unjustifiable harms to the Plaintiff's. See, *City of Canton, Ohio v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)*.

65.   The Plaintiffs were treated extremely differently with their own property; from others in similarly situated situations without a rational basis for the Defendants own treatment. The Defendants singled out the Plaintiffs by withholding their mail and harassing the Plaintiff E. Scipio in a public facility while others were being served. The Defendants violated the "class of one" and the Equal Protection Clause of the Plaintiffs. See, *Willowbrook v. Olech, 120 S.Ct. 1073, 528 U.S. 562, 145 L.Ed.2d 1060 (2000)*.

## COUNT II

### U.S. Const. amend. IV.

### UNREASONABLE SEIZURE VIOLATION

66.   The Defendants seized and withheld the Plaintiff's private property; including the Plaintiff E. Scipio, SC Child Support Card, the Plaintiff's J. Tucker, U.S. IRS Treasury Check, and the Plaintiff S.F.S. mail proofing Endurance Warranty are extended warranty holders of the Jeep Patriot purchased in the Plaintiff S.F.S name. Which was not given to the Plaintiff E. Scipio on April 13, 2026, as pictured in Monday, April 13, 2026; expected delivery email. Outlining the intentional deceptive practices of the Defendants to conceal their malicious intent to defraud, United States Citizens for personal gain.

---

[1] Defendant James Green (Postmaster) allowed the behavioral unconstitutional acts of Nicole Doe (Supervisor); without verifying if the Plaintiff E. Scipio, had prior knowledge of the SC Child Support Cards arrival from the mailing date of April 3, 2026, by personal request due to expiration after two years.

13

67. United States citizens have a high expectation of privacy in sealed mail. The Defendant's switching of mail interfered with the protected "possessory interest" of the Plaintiff's. See, *United States v. Jacobsen, 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984).*

68. Pursuant to 28 U.S.C. § 2680; the Court held that Congress did not intend to immunize all "Postal Activities"; also holding, to identify those circumstances which are within the words and reasons of the exception and avoiding exposure of the United States to liability for excessive or fraudulent claims as a clear principle aim of the FTC exceptions. See, *Kosak v. United States, 465 U.S. 848, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984).*

69. The Supreme Court held that "any claim" arising out of the detention of goods and includes claims resulting from negligent handling or storage of detained property. See, *Ali v. Fed. Bureau of Prisons, 128 S.Ct. 831, 169 L.Ed.2d 680, 552 U.S. 214, 8 Cal. Daily Op. Serv. 854, 21 Fla. L. Weekly Fed. S 53, 76 USLW 4057, 2008 Daily Journal D.A.R. 941 (2008).*

70. The Plaintiff's letters/mail are core "effects" protected by the U.S. Constitution. As held by the Court, if the government can seize and hold private papers without a warrant, the Fourth Amendment is "of no value". See, *Fremont Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914).*

71. The Plaintiff's letters/mail are fully guarded from examination and inspection; as placing the Plaintiff's legal mail footing; is the same as their home, as the Plaintiffs mailbox and addresses does not belong to USPS Darlington County Post Office but owned to the Plaintiffs. See, *Ex parte Jackson, 96 U.S. 727, 24 L.Ed. 877 (1877).*

14

72. The Defendants lies about the Plaintiff's E. Scipio SC Child Support Card and the Plaintiff J. Tucker's U.S. IRS Treasury Check, holds liability with the Defendants meaningfully interference with the Plaintiff's individual possessory interests in their own property. See, *Soldal v. Cook County, Illinois, 506 U.S. 56, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992).*

73. The Defendants cannot hold, nor pull a "bait and switch" tactic with the Plaintiff's own mail without a valid legal reason; instead the tactic was used to convert the Plaintiff's personal property into personal gain. See, *United States v. Konan, 24-351 (Feb 24, 2026).*

74. Defendant Nicole Doe (Supervisor) is on clear audio recording telling the Plaintiff E. Scipio to return back to USPS Darlington County Post Office to get her mail; just to tell the Plaintiff E. Scipio there is no mail.

75. Reasonably speaking; and seemingly obvious, there may be an underlying mental conditional issue with Defendant Nicole Doe (Supervisor) as she wanted to start a fight and call the police on the Plaintiff E. Scipio, for her own household mail; the same mail that Nicole Doe (Supervisor) told the Plaintiff E. Scipio to pick-up. Consequently, Nicole Doe (Supervisor) gatekept the Plaintiff's household mail like it belonged to the Defendant Nicole Doe (Supervisor) but it does not. Which is not normal even under legal and constitutional pre-text. Even a preschooler knows when an item does not belong to them.

76. The Plaintiff is not a medical nor psychologist professional nor expert; however, due to the nature of understanding such experts will need to be called as a witness in this case if deemed necessary. See, *Limone v. U.S., 579 F.3d 79 (1st Cir. 2009)*; also see, *Limone v. U.S., 497 F.Supp.2d 143 (D. Mass. 2007).*

77.   The Plaintiffs have a possessory interest in their own sealed first-class mail addressed to the Plaintiffs. A reasonable expectation of "Privacy Rights" in accordance with the established Privacy Act laws of the United States. The Defendants deliberate interception and subsequent denials of the Plaintiff E. Scipio and Plaintiff S.F.S SC Child Support Card and the denial of the Plaintiff J. Tucker's U.S. IRS Treasury Check's amounts to a "meaningful interference" with the Plaintiff's own property and is clearly an unreasonable seizure violation of the Plaintiff's own property without a warrant and justification for a legally sound "good cause".

**COUNT III**

**U.S. Const. amend. V.**

**PERSONAL PROPERTY RIGHTS VIOLATION**

78.   The Defendants deprived the Plaintiff's E. Scipio, J. Tucker, and S.F.S of their own personal property interest. It is the Plaintiff's own government-issued funds that were denied without an adequate notice to challenge the seizures of the Plaintiff's personal property. See, *Mullane v. Central Hanover Bank Trust Co, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)*.

79.   The Plaintiff's E. Scipio, SC Child Support Card and the Plaintiff J. Tucker U.S. IRS Treasury Check are not "gifts" but are the Plaintiff's own personal property. The Defendants cannot decide whether the Plaintiff's get their own personal property or not. As held by the Court, the Plaintiff's has a statutory entitlement to government assistance; including the Plaintiff E. Scipio, SC Child Support Card. See, *Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970)*.

16

80.     The Defendants actions to deprive the Plaintiffs of their private interest has affected the Plaintiff's and has caused an erroneous deprivation risk and a catastrophic loss without reason. See, *Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)*.

81.     As held by the Court, the Defendants cannot destroy nor withhold the Plaintiff's personal property through the operation of random and unauthorized acts by employees. The Defendants used their official positions and the USPS postal system to intercept the Plaintiff's mail; thus, violating the Plaintiff's Constitutional Due Process rights. As the Defendants committed a life-depriving effect at a state's random action. See, *Logan v. Zimmerman Brush Company, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982)*.

82.     The Defendants pre-deprivation of trickery established a seizure of goods without recognition of any opportunity for the Plaintiff's to get their own personal property; which was denied; by the Defendants, who were the same Defendants; who advised the Plaintiff E. Scipio to come pick-up her own household mail, just to switch the mail is a clear premeditated. See, *Fuentes v. Shevin Parham v. Cortese 8212 5039, 70 8212 5138, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972)*; also see, *Sniadach v. Family Finance Corporation of Bay View, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969)*.

83.     The Plaintiff's has a Constitutionally protected property interest in funds issued by the government, that includes the state government of South Carolina. The Defendants deprived the Plaintiffs of their own necessary personal property by using fraud and theft to intercept these funds without providing the Plaintiff's a "notice and opportunity to be heard" required by the Due Process Clause of the Fourteenth Amendment, especially within the USPS Darlington County Post Office location. See, *City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983.)*

17

## COUNT VI

## BREACH OF ADMINISTRATIVE DUTY AND NEGLIGENT ENTRUSTMENT

## NO IMMUNITY

84. On April 16, 2026, a Mail Hold Order for address 3645 Middle Branch Rd, Darlington, SC 29532; with Confirmation Number CAH558564868, went into effect with the USPS on April 17, 2026.

85. On April 16, 2026, a Mail Hold Order for address 2759 Welling Farm Rd, Darlington, SC 29532; with Confirmation Number CAH558565578, went into effect with the USPS on April 17, 2026.

86. From April 20 – Present, the Plaintiff E. Scipio has received USPS Delivery Notifications for address 2759 Welling Farm Rd, Darlington, SC 29532.

87. Pursuant to USPS 508.11.0, which is newly codified; removes the "discretionary" nature of Hold Mail services. Federal employees have no immunity when a regulation is "specifically prescribed by a course of action". The Defendant defiance of a USPS verified mail hold to facilitate a theft ring; the Defendants violated a ministerial duty; that stripped them of FTCA protections. See, *United States v. Gaubert, 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991)*.

88. The Defendants entered into an unlawful agreement to operate a mail theft right, utilizing the Plaintiff's residence as a fraudulent delivery point for the mail of other United States citizens. This conspiracy executed under the color of federal law, involves a systematic "bait and switch" of U.S. Treasury checks and the misappropriation of the Plaintiffs SSN's and PII's as well as other citizens. See, Exhibit B-4.

18

89.    The Defendants engaged in a pattern of racketeering that constitutes a direct violation of the Plaintiffs property rights and familial security. See, 42 U.S.C. § 1985; also see, *Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479 (1985), and Kennedy v. City of Ridgefield, 439 F.3d 1055 (9th Cir. 2006)*; citing, USPS 508.11.0, also pursuant to allowable treble damages for the Plaintiffs. See, Exhibit B-4.

## **CONCLUSION**

**WHEREFORE**, the Plaintiff's E. Scipio, J. Tucker, and S.F.S requests this Honorable Court to rule against the Defendants Nicole (Supervisor) James Green (Postmaster), Jane Does 1-2; and the USPS and in their favor. The deliberate interception of government funds, the fraudulent misappropriation of a minor's identity for personal gain, and the subsequent hostile exclusion of the Plaintiff's from a public facility are all examples of the Defendants' calculated actions, which constitute a flagrant abuse of federal authority and a serious violation of the Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights.

The injuries sustained by the Plaintiffs are not the result of a "loss or miscarriage" of mail protected under sovereign immunity but are the direct and proximate result of a calculated criminal enterprise and a deliberate breach of the mandatory, ministerial duties set forth in USPS 508.11.0. By utilizing their official positions to orchestrate a "bait and switch" of federal Treasury funds and weaponizing a minor's Social Security Number for personal enrichment, Defendants Nicole and James committed intentional torts that fall entirely outside the scope of "discretionary functions" protected by the Federal Tort Claims Act.

The Plaintiff's E. Scipio, J. Tucker, and S.F.S a minor child have sustained severe and irreversible injuries as a direct result of the Defendants' malicious actions, including complete financial loss of necessary government funds, serious credit impairment for S.F.S a minor child,

and severe mental distress from the trickery games and embarrassment. Significant psychological trauma, a loss of financial security, and the continuous burden of correcting high-level identity fraud are the outcomes of the Defendants' betrayal of public trust and the American People. The hostile environment the Defendants created trashes the United States fair principles for all under the same equal laws of the United States.

The Plaintiff's claims that these "random and unauthorized" actions by federal officials of the USPS Darlington County Post Office deprived them of their free rights to their own protected property interests. The Defendants did not give the Plaintiff's a necessary notice or a chance to be heard within the USPS Darlington County Post Office instead the Plaintiff's was denied a right to their own protected property. The Plaintiff's respectfully demands a trial by jury and a judgment against the Defendants, jointly and severally, for compensatory, general, punitive and treble damages totaling $2,000,000,000.00 (Two Billion Dollars) to address these grievous injuries and to deter such egregious abuses of power in the future.

Respectfully Submitted,

April 27, 2026
USDC, Florence, SC

Plaintiff Eshawn Jessica Scipio, Prose Litigant

Plaintiff James SaQuan Tucker, Prose Litigant

Plaintiff S.F.S Minor Under 18, Prose Litigant

20